IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER AVELLONE, | ) |
| | ) Case No. 3:22-cv-2247 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KARISSA BARROWS, | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant Karissa Barrows ("Barrows"), for her answer to the complaint filed by plaintiff Christopher Avellone ("Avellone"), alleges and states as follows:

NATURE OF ACTION

1. The allegations of paragraph 1 are denied.

PARTIES, JURISDICTION AND VENUE

2. Barrows admits the allegations of paragraph 2.

3. Barrows admits the allegations of paragraph 3.

4. Barrows admits the this lawsuit is between citizens of different States. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations concerning the amount in controversy, and on that basis that allegation in paragraph 4 is denied.

5. Barrows admits the allegations of paragraph 5.

FACTS COMMON TO ALL COUNTS

6. Barrows admits the allegations in paragraph 6.

7. Barrows admits the allegations in paragraph 7.

8. Barrows admits the allegations of paragraph 8.

9. Barrows admits the allegations of paragraph 9.

10. Barrows denies that she flirted with Avellone at the hotel bar. Barrows admits that she socialized with Avellone and with other convention-goers at the hotel bar. The remaining allegations of paragraph 10 are denied.

11. Responding to paragraph 11, Barrows admits that Avellone accompanied her to the door of her hotel room, where Barrows was sharing with a roommate. The two of them were accompanied by two other individuals, one of whom Barrows had only met that evening. On the way to the hotel room, in the hallway outside the hotel room, and at the door to the hotel room, Avellone attempted to fondle, caress, and kiss Barrows. Barrows lacks knowledge concerning Avellone's actions after leaving Barrows at the hotel room. Barrows admits that Avellone and Barrows did not have sex. The remaining allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied.

13. Barrows admits that she socialized with Avellone and other convention-goers throughout Dragon Con 2012, including during Barrows' last night in Atlanta. Barrows further admits Avellone escorted Barrows to the train station for her departure, which was necessary given the time of night.

14. The allegations of paragraph 14 are denied.

15. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations in paragraph 15, and on that basis they are denied.

16. Barrows admits that she made posts to Twitter, which speak for themselves. All other allegations in paragraph 16 are denied.

17. Barrows denies the allegations of paragraph 17.

18. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations in paragraph 18, and on that basis they are denied.

19. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations in paragraph 19, and on that basis they are denied.

20. Barrows admits that she corresponded directly with Avellone after 2012 about other social gatherings. The remaining allegations of paragraph 20 are denied.

21. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations in paragraph 21, and on that basis they are denied.

22. Barrows admits the allegations of paragraph 22.

23. Barrows lacks knowledge or information sufficient to form a belief about the truth of Avellone's allegations in paragraph 23, and on that basis those allegations are denied.

24. Barrows denies the allegations of paragraph 24.

25. Barrows denies the allegations of paragraph 25.

26. Barrows admits that she made posts to Twitter, which speak for themselves. All other allegations in paragraph 26 are denied.

27. Barrows admits that Avellone, Izawa, and Barrows all attended Dragon Con 2014. The remaining allegations of paragraph 27 are denied.

28. Barrows denies the allegations of paragraph 28.

29. Barrows admits the allegations of paragraph 29.

30. Barrows admits that she made posts to Twitter, which speak for themselves. All other allegations in paragraph 30 are denied.

31. Barrows denies the allegations of paragraph 31.

32. Barrows admits that she made posts to Twitter, which speak for themselves. All

other allegations in paragraph 32 are denied.

33. Barrows admits that she made posts to Twitter, which speak for themselves. All other allegations in paragraph 33 are denied.

34. Barrows admits that she made posts to Twitter, which speak for themselves. All other allegations in paragraph 34 are denied.

35. Barrows admits that she made posts to Facebook, which speak for themselves. All other allegations in paragraph 35 are denied.

36. Barrows denies the allegations of paragraph 36.

37. Barrows admits that she made one or more statements that included the portion quoted in paragraph 37. The remaining allegations in paragraph 37 are denied.

38. Barrows lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38, and on that basis those allegations are denied.

39. Barrows lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39, and on that basis those allegations are denied.

40. Barrows lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40, and on that basis those allegations are denied.

41. Barrows lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 41, and on that basis those allegations are denied.

42. Barrows admits that, in or around September 2020, she deleted old Tweets from her Twitter account in response to a campaign of harassment she was experiencing from fans of Avellone, in order to protect her privacy and the privacy of her family members who had been the subject of some of those old Tweets.  The remaining allegations of paragraph 42 are denied.

43. Barrows admits the allegations of paragraph 43.

44. Barrows admits the allegations of paragraph 44.

45. Barrows admits the allegations of paragraph 45.

46. Barrows admits the allegations of paragraph 46.

47. Responding to the allegations of paragraph 47, Barrows states that Avellone's request for voluntary dismissal was filed before the California Court of Appeal had issued its remittitur (remand). Except as clarified in the foregoing sentence, Barrows admits the remaining allegations in paragraph 47.

## COUNT I

48. Barrows incorporates her responses to each of the foregoing paragraphs.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

## COUNT II

59. Barrows incorporates her responses to each of the foregoing paragraphs.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

## COUNT III

70. Barrows incorporates her responses to each of the foregoing paragraphs.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

73. The allegations of paragraph 73 are denied.

74. The allegations of paragraph 74 are denied.

## COUNT IV

75. Barrows incorporates her responses to each of the foregoing paragraphs.

76. The allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 are denied.

## COUNT V

81. Barrows incorporates her responses to each of the foregoing paragraphs.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 are denied.

## PRAYER FOR RELIEF

Barrows denies that Avellone is entitled to any form of relief listed in the "Prayer for Relief" section, appearing on pay 17 of the complaint, including each of the respective subparts.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without assuming any burdens not ascribed to Barrows under applicable law and without waiving any available defense, Barrows asserts the following affirmative and additional defenses and reserves the right to assert additional defenses if and when deemed appropriate as the case progresses.

1. The complaint fails to state a claim upon which relief may be granted.

2. Avellone's claims are barred, in whole or in part, by the applicable statute of limitations, including without limitation 735 ILCS 5/13–201.

3. Avellone's claims are barred by the guarantees of free speech provided by the United States Constitution and the Illinois Constitution.

4. None of Barrows's statements were made with actual malice, and Avellone

cannot prove actual malice.

5. Each and every alleged statement by Barrows was either true, substantially true, or a statement of opinion.

6. Avellone is libel-proof. Avellone's reputation with respect to the subject matter of Barrows's statements is so diminished that it could not have been damaged further by Barrows's statements.

7. The damages and harms alleged by Avellone were caused, in whole or in part, by others. The damages and harms alleged by Avellone were also caused, in whole or in part, by Avellone's own conduct. Any damages owed by Barrows to Avellone must be reduced in whole or in part by the amount of damages caused by others and/or by Avellone.

8. Pursuant to 735 ILSC 5/13-207, Avellone's claimed damages must be setoff, in whole or in part, by the amount of damages that Avellone owes Barrows.

WHEREFORE, Defendant Barrows prays that Plaintiff Avellone takes nothing by way of his Complaint, for the dismissal of the claims against Barrows, for judgment in her favor against Avellone, along with attorney's fees, costs, equitable or injunctive relief, and such other relief as the court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Barrows respectfully demands a trial by jury on all issues so triable.

Dated:  November 29, 2022   Respectfully submitted,

/s/ Daniel L. Allender
One of the attorneys for
Defendant Karissa Barrows

Daniel Allender (*pro hac vice pending*)
Robins Kaplan LLP
2049 Century Park East, Ste. 3400
Los Angeles, CA 90067
310-552-0130
*DAllender@RobinsKaplan.com*

-and-

Charles Valente
Kaplan Saunders Valente and Beninati LLP
500 N. Dearborn Street – 2d Floor
Chicago, Illinois  60654
312-755-5700
*cvalente@kaplansaunders.com*