**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER AVELLONE,** | ) | |
| | ) | **Case No. 3:22-cv-2247-SMY** |
| | ) | |
| **Plaintiff,** | ) | **CJRA Track: B** |
| | ) | |
| **vs.** | ) | **Mandatory Mediation:** Yes |
| | ) | |
| **KARISSA BARROWS,** | ) | **Trial Date: December 11, 2023** |
| | ) | |
| **Defendant.** | ) | **Judge Staci M. Yandle** |

**PLAINTIFF'S DISPUTED MOTION FOR**
**ENTRY OF CONFIDENTIALITY ORDER**

Plaintiff Christopher Avellone respectfully moves this Court for entry of the Confidentiality Order attached hereto as Exhibit E.  In support, Plaintiff states as follows:

1.      This case involves the production of certain confidential, proprietary, protected and/or private materials, documents, and information that contains confidential, proprietary, protected and/or private matters.

2.      For example, Defendant's discovery requests seek information and documents concerning Plaintiff's business relationships that are protected by third-party confidentiality and non-disclosure agreements and/or involve trade secret or confidential information.  Defendant's discovery requests also seek information and documents concerning Plaintiff's financial accounts, income, and medical records.

3.      Federal Rule of Civil Procedure 26(c) permits a party from whom discovery is sought to move for a protective order.  The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including by limiting the dissemination and disclosure of confidential information. Fed. R. Civ. P. 26(c); *Trydel*

*Research Pty., Ltd. v. ITW Global Tire Repair, Inc.*, No. 21 C 4977, 2022 WL 13919259, at *1 (N.D. Ill. Oct. 24, 2022) (confidentiality orders "have become unremarkable, common place tools invoked almost as a matter of course").

4.    On February 22, 2023, Plaintiff's counsel told Defendant's counsel that Plaintiff would like to have a confidentiality order entered in the case to protect certain confidential information requested by Defendant.  Plaintiff's counsel sent Defendant's counsel a draft confidentiality order based on the Model Confidentiality Order promulgated by the Northern District of Illinois.[1]

5.    On February 27, 2023, Defendant's counsel sent Plaintiff's counsel a redline of his proposed edits to the confidentiality order.  A copy of the redline proposed by Defendant's counsel on February 27, 2023 is attached hereto as Exhibit A.

6.    On March 1, 2023, Plaintiff's counsel told Defendant's counsel that his proposed changes to the confidentiality order were agreed to and that Plaintiff's counsel could prepare a motion for entry of the agreed confidentiality order.  A copy of the March 1, 2023 email from Plaintiff's counsel to Defendant's counsel is attached hereto as Exhibit B.

7.    Following this exchange and the agreement between the parties on a confidentiality order, Defendant's counsel then moved the goal posts by sending ***another*** redline with new changes claiming they were "material" and, without them, the parties could not reach an agreement.  A copy of Defendant's new changes to the confidentiality order is attached hereto as Exhibit C.

---

[1] "The Northern District of Illinois web site provides a Model Confidentiality Order, available in PDF, Word, and Word Perfect, that most litigants use as a template." *Epic Fresh Produce, LLC v. Olympic Wholesale Produce, Inc.*, No. 17-cv-8381, 2017 WL 6059971, at *1 n.1 (N.D. Ill. Dec. 7, 2017).

8.      The first change broadens the scope of who may review confidential information from "Counsel for the parties and employees of counsel" to "any other individuals who are assigned or retained by counsel to assist with this matter, including law students working in a clinic setting." Ex. C at 4.  Defendant's counsel said this change was necessary to address unidentified law students that were working on the case and that these students may "change periodically and shift depending on their schedules and availability."  Plaintiff's counsel responded that Defendant's change went beyond simply covering law students since it also includes "any other individuals" that might assist with this matter.  Plaintiff's counsel also proposed that if law students were assisting on the matter, then those law students should be identified, agree to abide by the terms of the confidentiality order (as consultants and experts must do), and be approved by the Court.  Defendant's counsel rejected Plaintiff's proposal.

9.      The Court should adopt the parties' previously agreed version (Ex. A) and reject Defendant's new change to the scope of who may have access to confidential information. Confidential information is, by definition, sensitive information that should not be widely disclosed.  Freely giving access to a myriad of unidentified, unapproved, ever-changing students that come and go, as well as anyone else that may "assist in this matter," without any obligation to identify those individuals or even abide by the terms of the confidentiality order, exponentially increases the risk that confidential information may be exposed.  This danger is especially acute here because this is a high-profile social media case that is actively being covered in social media and the press.[2]  Defendant has already made clear that her strategy in this case will be to smear

---

[2] *See, e.g.,* Madison-St. Clair Record, *Video game writer sues Belleville women after defamatory posts went viral,* available at https://madisonrecord.com/stories/633599398-video-game-writer-sues-belleville-woman-after-defamatory-posts-went-viral.

Plaintiff's character and reputation in public and "leaks" of confidential information will undoubtedly further that strategy.

10.     Further, Defendant's counsel has refused to even identify the unidentified law students purportedly assisting on the matter claiming that such information is "privileged."  *See* Ex. D.  That information is not "privileged," nor has this Court approved ***any*** law students to assist in Defendant's representation in this matter.  Accordingly, Defendant is in violation of Local Rule 83.1(j), which provides that law school students who have been certified under Illinois Supreme Court Rule 711 may, "***upon approval of the judge before whom the case is pending***," perform services allowed by Rule 711 while under the supervision of an attorney.  (emphasis added.) Plaintiff's counsel recognizes that Defendant is represented by out-of-state attorneys and does not have Illinois-licensed counsel with an appearance, but Defendant's out-of-state counsel both certified that they were familiar with the procedures of this Court.[3]  DE 7; DE 14.

11.     The second new change turns the concept of moving to seek relief on its head. While the parties' previously agreed confidentiality order (Ex. A) provided that a party could challenge a confidentiality designation by filing a motion identifying the challenged material and detailing the basis for the challenge, Defendant's new change requires the ***designating*** party to preemptively file a motion every time a challenge is made or the confidential information would ***automatically become unprotected in five days***.  Ex. C at 6.

12.     This change, too, should be rejected.  The language in the previously agreed version (Ex. A) comes directly from the Model Confidentiality Order that the Northern District of Illinois

---

[3] Plaintiff does not know whether the unidentified law students are even certified under Illinois Supreme Court Rule 711.  Rule 711 requires that the law students be "[u]nder the supervision of a member of the bar of this State."  Ill. Sup. Ct. R. 711(c).  Neither of Defendant's out-of-state counsel are members of the Illinois bar.

has promulgated and that hundreds of cases, and this Court, have repeatedly adopted. *Junker v. Mascoutah Community School District 19 Board of Education*, No. 3:22-cv-1962-DWD, 2022 WL 17414100, at *6 (S.D. Ill. Dec. 5, 2022); *Bilik v. Wexford Health Sources*, No. 3:17-cv-00142-SMY, DE 122 (Jun. 15, 2020); *Hancock v. Arizona Beverages USA LLC*, No. 3:21-cv-01735-SMY, DE 26 (Sep. 6, 2022); *see also Chandler v. Zinus, Inc.*, No. 3:20-cv-265-DWD, 2022 WL 4396311, at *5 (S.D. Ill. Sept. 23, 2022) ("If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief…"); *Elder v. Bimbo Bakeries USA, Inc.*, No. 3:21-cv-637-DWD, at *6 (S.D. Ill. Sept. 12, 2022) ("If the Parties cannot resolve a challenge through the meet and confer process, the Challenging Party may immediately file and serve a motion to contest confidentiality.").

13.     Again, Defendant's motivation is clear.  In addition to openly threatening to smear Plaintiff's reputation and character in this case, Defendant has expressed that she will make discovery as painful and expensive as possible—presumably using a team of free law students at her disposal.  Her strategy will be to challenge virtually every legitimate confidentiality designation to force Plaintiff to repeatedly file motions in this Court to protect each piece of information lest that information becomes ***automatically unprotected in five days***.  Not only is this change unduly burdensome, Defendant failed to support her proposed change with any authority.

14.     Defendant's purported concern that the "burden should be on the designating party" is disingenuous and a non-starter.  The parties' previously agreed confidentiality order already provided that "The burden of persuasion in any such challenge proceeding shall be on the designating party" (which, again, is language that identically tracks the Model Confidentiality Order).  Ex. A at 6.  The parties' previously agreed confidentiality order also provided that a

confidentiality designation "is a certification by an attorney or a party that the designating party believes in good faith that the document contains Confidential Information."  Ex. A at 3.  The only thing Defendant's proposed change does is make it easy for Defendant to accomplish her goal of making the discovery process as painful and expensive as possible.

15.    Plaintiff believes that the parties' previously agreed confidentiality order will serve to meet the discovery needs in the case while protecting their legitimate interests in maintaining the confidentiality of any and all confidential or private documentation or materials.  For the Court's convenience, a clean copy of the parties' previously agreed confidentiality order is attached hereto as Exhibit E.

WHEREFORE, Plaintiff respectfully requests that this Motion be granted, that the proposed confidentiality order attached as Exhibit E be entered by this Court, and for such other and further relief as justice may require.

Dated: March 3, 2023                           Respectfully submitted,

                                                          /s/ Anand C. Mathew
                                                          Anand C. Mathew

                                                          Anand C. Mathew
                                                          Timothy G. Parilla
                                                          PALMERSHEIM & MATHEW LLP
                                                          401 N. Franklin Street, Suite 4S
                                                          Chicago, Illinois 60654
                                                          312.319.1791
                                                          acm@thepmlawfirm.com
                                                          tgp@thepmlawfirm.com
                                                          *Attorneys for Plaintiff Chris Avellone*

## CERTIFICATE OF SERVICE

I, Anand C. Mathew, an attorney, certify that on March 3, 2023, I caused the foregoing **Motion for Entry of Confidentiality Order** to be served on all counsel of record listed via the Court's ECF system.

/s/ Anand C. Mathew
Anand C. Mathew
PALMERSHEIM & MATHEW LLP
401 N. Franklin St., Suite 4S
Chicago, IL  60654
(312) 319-1791
acm@thepmlawfirm.com

*One of the attorneys for Plaintiff Chris Avellone*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CHRISTOPHER AVELLONE,

          Plaintiff,

   vs.

KARISSA BARROWS,

          Defendant.

Case No. 3:22-cv-2247-SMY

CJRA Track: B

Trial Date: December 11, 2023

Judge Staci M. Yandle

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records. With respect to income tax returns and attached schedules and forms, only

the returns, forms, or schedules are considered Confidential Information. The information appearing on those returns, forms, or schedules are not necessarily Confidential Information simply because that information also appeared on the return, form, or schedule, and such information is only Confidential Information if meets the definition of Confidential Information for another reason. Information or documents that are available to the public may not be designated as Confidential Information.

       3.     Designation.

          a.     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as Confidential Information is a certification by an attorney or a party ~~appearing pro se that~~ the the designating party believes in good faith that the document contains Confidential Information as defined in this order.

4.      Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      Protection of Confidential Information.

a.      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Notwithstanding the foregoing, the parties agree that Confidential Information may also be used in the litigation pending in Oklahoma County, Oklahoma, captioned *Christopher Avellone v. Kelly Rae Bristol*, Case No. CJ-2021-4340, including any appeal thereof, according to the terms of this Order so long as a similar confidentiality order is entered in that case.

b.      Limited  Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or

entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel. Counsel for the parties and employees of counsel who have responsibility for the  action;

(2)     Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters  and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses  at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author  or recipient. The author or recipient of  the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.      Control  of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with all applicable rules.

8.      No Greater Protection of Specific  Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges  by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

a.      Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.      Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.      Action  by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.      Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or

hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      12.    Confidential Information Subpoenaed or Ordered Produced  in Other Litigation.

      a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      b.    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

  13.  Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

  14.  Obligations on Conclusion of Litigation.

    a.  Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.  Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    c.  Retention  of Work Product  and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be

protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

       d.     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

       **SO ORDERED.**

                                          _____

                                          U.S. District Judge

/s/ Anand C. Mathew
One of the attorneys for
Plaintiff Chris Avellone

Anand C. Mathew
Timothy G. Parilla
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654
312.319.1791
acm@thepmlawfirm.com
tgp@thepmlawfirm.com

/s/ Daniel L. Allender
One of the attorneys for
Defendant Karissa Barrows

Daniel L. Allender
Robins Kaplan LLP
2049 Century Park East, Std. 3400
Los Angeles, California 90067
dallender@robinskaplan.com

Lisa S. Hoppenjans
Washington University School of Law
One Brookings Drive
St. Louis, Missouri 63130
lhoppenjans@wustl.edu

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER AVELLONE,** | Case No. 3:22-cv-2247-SMY |
| **Plaintiff,** | CJRA Track: B |
| **vs.** | Trial Date: December 11, 2023 |
| **KARISSA BARROWS,** | Judge Staci M. Yandle |
| **Defendant.** | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Address: _____

Date: _____          _____
                                                   Signature

# EXHIBIT B

Anand C. Mathew

---

| | |
|---|---|
| From: | Anand C. Mathew |
| Sent: | Wednesday, March 1, 2023 11:01 AM |
| To: | Allender, Daniel L.; Cindy J.  Bogucki |
| Cc: | Timothy G. Parilla; Hoppenjans, Lisa; Raju, Tobin |
| Subject: | RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY |

Daniel,

As I told you in my email seven days ago, we believe that the information in our amended Rule 26(a) disclosure is confidential and requires a protective order.  You got back to me two days ago with redlines to the draft I had sent you.  I'm fine with your changes so we can prepare a motion to get that on file.  Given that we seem to have a disagreement on whether our Rule 26(a) disclosures are confidential, I think we need that protective order.  We are happy to serve the amended Rule 26(a) disclosures as soon as the protective order is on file.  If you still want to challenge the confidentiality designation, you can follow the process in the protective order for doing so.

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Wednesday, March 1, 2023 10:42 AM
To: Anand C. Mathew <ACM@thepmlawfirm.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin <tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

EXTERNAL EMAIL – PLEASE VERIFY SENDER'S EMAIL ADDRESS
Anand –

If we have not received supplemental Rule 26(a) disclosures within 7 days, we will file a motion for an order precluding Mr. Avellone from offering any evidence of damages at trial.

Daniel

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Monday, February 13, 2023 12:58 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin <tobinraju@wustl.edu>
Subject: [EXTERNAL] RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Sorry for the delay Daniel.  We will supplement the Rule 26(a) disclosures, likely this week or next.

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Monday, February 13, 2023 2:56 PM
To: Anand C. Mathew <ACM@thepmlawfirm.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin

<tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Anand,

I'm following up on the email below regarding the deficiencies in plaintiff's initial disclosures. Please let me know your position.

Daniel

---

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Wednesday, February 1, 2023 1:10 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>;
cvalente@kaplansaunders.com
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: [EXTERNAL] RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Let me review and I'll get back to you.

---

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Wednesday, February 1, 2023 1:26 AM
To: Cindy J. Bogucki <cjb@thepmlawfirm.com>; cvalente@kaplansaunders.com
Cc: Anand C. Mathew <ACM@thepmlawfirm.com>; Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Anand,

Plaintiff's initial disclosure fails to comply with Rule 26(a)(1)(iii) with respect to damages.  The disclosure provides no computations or estimates related to damages at all.  Nor does it disclose any of the documents on which that computation would be based. Please let me know when we can expect a supplemental disclosure, or when you are available to meet and confer pursuant to Rule 37.

Rule 26(a) requires plaintiff provide "a computation of each category of damages claimed by the disclosing party."  Rule 26 further provides that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case...." "In other words, [Rule 26] requires early disclosure of an approximation of damages to give Defendants some idea of the value of Plaintiff's claims." Benson v. M2 Prop. Grp. LLC, No. 18-C-860, 2019 WL 2359395, at *2 (E.D. Wis. June 4, 2019); accord Fabick, Inc. v. FABCO Equip., Inc., No. 16-cv-172, 2017 WL 6001869, at *5 (W.D. Wis. Dec. 4, 2017) ("[P]laintiff does not attempt to argue that its initial disclosure ... was adequate, nor could it since the disclosure only lists categories of damages without any attempt at a 'computation.'"); Payne v. N. Tool & Equip. Co., No. 2:13-CV-109, 2014 WL 6473427, at *1, *3 (N.D. Ind. Nov. 18, 2014) (finding initial disclosures deficient where party listed "N/A" for calculation of damages because counsel did not yet have a precise calculation of damages).

Daniel

Daniel L. Allender
ROBINS KAPLAN LLP
2121 Avenue of the Stars | Suite 2800 | Los Angeles, California  90067
Direct (310) 229-5892 | Mobile (424) 202-7619

From: Cindy J. Bogucki <cjb@thepmlawfirm.com>
Sent: Tuesday, January 31, 2023 12:13 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; cvalente@kaplansaunders.com
Cc: Anand C. Mathew <ACM@thepmlawfirm.com>; Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: [EXTERNAL] Avellone v. Barrows (No. 3:22-cv-2247-SMY

Please find attached Plaintiff's Rule 26(a)(1) Disclosures.

Thank you.

Cindy



**Cynthia J. Bogucki**
Office Manager/Paralegal
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street | Suite 4S
Chicago, Illinois 60654
Tel: 312.705.3621 | Fax: 312.878.2890
web |vCard |LinkedIn

**Confidentiality Note:** This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

---

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER AVELLONE,** | Case No. 3:22-cv-2247-SMY |
| **Plaintiff,** | CJRA Track: B |
| **vs.** | Trial Date: December 11, 2023 |
| **KARISSA BARROWS,** | Judge Staci M. Yandle |
| **Defendant.** | |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records. With respect to income tax returns and attached schedules and forms, only

the returns, forms, or schedules are considered Confidential Information. The information appearing on those returns, forms, or schedules are not necessarily Confidential Information simply because that information also appeared on the return, form, or schedule, and such information is only Confidential Information if meets the definition of Confidential Information for another reason. Information or documents that are available to the public may not be designated as Confidential Information.

      3.      Designation.

      a.      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as Confidential Information is a certification by an attorney or a party ~~appearing pro se that~~ the the designating party believes in good faith that the document contains Confidential Information as defined in this order.

4.      Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      Protection of Confidential Information.

a.      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Notwithstanding the foregoing, the parties agree that Confidential Information may also be used in the litigation pending in Oklahoma County, Oklahoma, captioned *Christopher Avellone v. Kelly Rae Bristol*, Case No. CJ-2021-4340, including any appeal thereof, according to the terms of this Order so long as a similar confidentiality order is entered in that case.

b.      Limited  Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or

3

entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties, ~~and~~ employees of counsel who have responsibility for the ~~action,~~ and any other individuals who are assigned or retained by counsel to assist with this matter, including law students working in a clinic setting;

(2) Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters  and Recorders.  Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses  at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author  or recipient. The author or recipient of  the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.      Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with all applicable rules.

8.      No Greater Protection of Specific  Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

5

9.      Challenges  by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

a.      Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.      Judicial Intervention. If the parties are unable to resolve their dispute pursuant to the meet and confer described in the foregoing paragraph, and the challenging party provides notice to the designating party that it is maintaining its objection to the claim of confidentiality, the designating party asserting the claim of confidentiality shall file a motion for a protective order within five (5) business days after receiving notice that the challenging party is maintaining its objection.  If the designating party fails to timely file that motion, the claim of confidentiality shall be deemed withdrawn.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  If the designating party elects to file a motion or a protective order, Each such the motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court

6

rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     Action  by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information Subpoenaed or Ordered Produced  in Other Litigation.

        a.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

        b.     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party

must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

        c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

       13.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

       14.     Obligations on Conclusion of Litigation.

        a.      Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        b.      Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents

bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c.      Retention  of Work Product  and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

d.      Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**


_____
U.S. District Judge


/s/ Anand C. Mathew_____     /s/ Daniel L. Allender_____
One of the attorneys for                      One of the attorneys for
Plaintiff Chris Avellone                      Defendant Karissa Barrows

Anand C. Mathew                               Daniel L. Allender
Timothy G. Parilla                            Robins Kaplan LLP
PALMERSHEIM & MATHEW LLP                      2049 Century Park East, Std. 3400
401 N. Franklin Street, Suite 4S              Los Angeles, California 90067
Chicago, Illinois 60654                       dallender@robinskaplan.com
312.319.1791
acm@thepmlawfirm.com                          Lisa S. Hoppenjans
tgp@thepmlawfirm.com                          Washington University School of Law
                                              One Brookings Drive
                                              St. Louis, Missouri 63130
                                              lhoppenjans@wustl.edu

<u>**ATTACHMENT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER AVELLONE,** | Case No. 3:22-cv-2247-SMY |
| **Plaintiff,** | CJRA Track: B |
| **vs.** | Trial Date: December 11, 2023 |
| **KARISSA BARROWS,** | Judge Staci M. Yandle |
| **Defendant.** | |

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Address: _____

Date: _____      _____
                                                        Signature

# EXHIBIT D

Anand C. Mathew

| | |
|---|---|
| From: | Allender, Daniel L. <DAllender@RobinsKaplan.com> |
| Sent: | Wednesday, March 1, 2023 10:35 AM |
| To: | Anand C. Mathew; Hoppenjans, Lisa; Cindy J.  Bogucki |
| Cc: | Timothy G. Parilla; Raju, Tobin |
| Subject: | RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY |

EXTERNAL EMAIL – PLEASE VERIFY SENDER'S EMAIL ADDRESS
Anand,

The law students have not seen your mediation brief. The remainder of your questions are protected by attorney client privilege and the attorney work product doctrine, and we will not be responding.

Daniel

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Wednesday, March 1, 2023 8:15 AM
To: Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Raju, Tobin <tobinraju@wustl.edu>
Subject: [EXTERNAL] RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

I should add, Lisa, that I'm a little surprised that law students have been assisting on the case since they have not been approved by the judge in this matter.  Seems like if that's happening, they are acting in violation of the rules.  Can you please identify who these law students are and what non-public materials you have already shared with them?  It should go without saying that the mediation statement we served is confidential and should not be shared with law students who don't have appearances in the case and haven't been approved by the Court.

From: Anand C. Mathew
Sent: Tuesday, February 28, 2023 1:13 PM
To: Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Raju, Tobin <tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Hi Lisa, we object to bringing law students to the mediation.

Anand

From: Hoppenjans, Lisa <lhoppenjans@wustl.edu>
Sent: Tuesday, February 28, 2023 9:50 AM
To: Anand C. Mathew <ACM@thepmlawfirm.com>; Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Raju, Tobin <tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

EXTERNAL EMAIL – PLEASE VERIFY SENDER'S EMAIL ADDRESS

Anand,

I will be attending the mediation on Monday and would like to bring with me two of my clinic law students who have been assisting on this matter so they can observe. Do you have any objection to their attendance?

Best,

Lisa S. Hoppenjans
Assistant Professor of Practice
Director, First Amendment Clinic
Washington University School of Law
MSC 1120-250-102
One Brookings Drive
St. Louis, MO 63130-4899
(314) 935-8980
lhoppenjans@wustl.edu

---

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Tuesday, February 14, 2023 3:41 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin <tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Thanks for the email Daniel. ████████████████████████████ ████████████████████████████████████████. There is no stay and I, and I assume the Court, expects discovery to proceed so that we can comply with the Court's schedule.  Always happy to consider requests for reasonable extensions of deadlines, and hopefully will receive the same courtesy in return.

---

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Monday, February 13, 2023 3:02 PM
To: Anand C. Mathew <ACM@thepmlawfirm.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin <tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Thanks. On a related note, I've been holding off on starting third party discovery to avoid giving your client the impression we are trying to posture going into the mediation or do any further damage to his relationships with third parties.  To avoid unnecessary legal costs, I'm also willing to give some additional time for your responses to the discovery we previously served for the same reason.  But the discovery you served today suggests we should go ahead and begin discovery on both sides in earnest. Do you have a strong view on that?

Daniel

---

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Monday, February 13, 2023 12:58 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin

<tobinraju@wustl.edu>
Subject: [EXTERNAL] RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Sorry for the delay Daniel. We will supplement the Rule 26(a) disclosures, likely this week or next.

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Monday, February 13, 2023 2:56 PM
To: Anand C. Mathew <ACM@thepmlawfirm.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>; Hoppenjans, Lisa <lhoppenjans@wustl.edu>; Raju, Tobin
<tobinraju@wustl.edu>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Anand,

I'm following up on the email below regarding the deficiencies in plaintiff's initial disclosures. Please let me know your
position.

Daniel

From: Anand C. Mathew <ACM@thepmlawfirm.com>
Sent: Wednesday, February 1, 2023 1:10 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; Cindy J. Bogucki <cjb@thepmlawfirm.com>;
cvalente@kaplansaunders.com
Cc: Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: [EXTERNAL] RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Let me review and I'll get back to you.

From: Allender, Daniel L. <DAllender@RobinsKaplan.com>
Sent: Wednesday, February 1, 2023 1:26 AM
To: Cindy J. Bogucki <cjb@thepmlawfirm.com>; cvalente@kaplansaunders.com
Cc: Anand C. Mathew <ACM@thepmlawfirm.com>; Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: RE: Avellone v. Barrows (No. 3:22-cv-2247-SMY

Anand,

Plaintiff's initial disclosure fails to comply with Rule 26(a)(1)(iii) with respect to damages. The disclosure provides no
computations or estimates related to damages at all. Nor does it disclose any of the documents on which that
computation would be based. Please let me know when we can expect a supplemental disclosure, or when you are
available to meet and confer pursuant to Rule 37.

Rule 26(a) requires plaintiff provide "a computation of each category of damages claimed by the disclosing party." Rule
26 further provides that "[a] party must make its initial disclosures based on the information then reasonably available
to it. A party is not excused from making its disclosures because it has not fully investigated the case...." "In other words,
[Rule 26] requires early disclosure of an approximation of damages to give Defendants some idea of the value of
Plaintiff's claims." Benson v. M2 Prop. Grp. LLC, No. 18-C-860, 2019 WL 2359395, at *2 (E.D. Wis. June 4, 2019); accord
Fabick, Inc. v. FABCO Equip., Inc., No. 16-cv-172, 2017 WL 6001869, at *5 (W.D. Wis. Dec. 4, 2017) ("[P]laintiff does not
attempt to argue that its initial disclosure ... was adequate, nor could it since the disclosure only lists categories of
damages without any attempt at a 'computation.'"); Payne v. N. Tool & Equip. Co., No. 2:13-CV-109, 2014 WL 6473427,
at *1, *3 (N.D. Ind. Nov. 18, 2014) (finding initial disclosures deficient where party listed "N/A" for calculation of
damages because counsel did not yet have a precise calculation of damages).

Daniel

Daniel L. Allender

ROBINS ▰ KAPLAN LLP

2121 Avenue of the Stars | Suite 2800 | Los Angeles, California  90067
Direct (310) 229-5892 | Mobile (424) 202-7619

---

From: Cindy J. Bogucki <cjb@thepmlawfirm.com>
Sent: Tuesday, January 31, 2023 12:13 PM
To: Allender, Daniel L. <DAllender@RobinsKaplan.com>; cvalente@kaplansaunders.com
Cc: Anand C. Mathew <ACM@thepmlawfirm.com>; Timothy G. Parilla <tgp@thepmlawfirm.com>
Subject: [EXTERNAL] Avellone v. Barrows (No. 3:22-cv-2247-SMY

Please find attached Plaintiff's Rule 26(a)(1) Disclosures.

Thank you.

Cindy



**Cynthia J. Bogucki**
Office Manager/Paralegal
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street | Suite 4S
Chicago, Illinois 60654
Tel: 312.705.3621 | Fax: 312.878.2890
web |vCard |LinkedIn

**Confidentiality Note:** This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

_____

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CHRISTOPHER AVELLONE,

                Plaintiff,

      vs.

KARISSA BARROWS,

             Defendant.

Case No. 3:22-cv-2247-SMY

CJRA Track: B

Trial Date: December 11, 2023

Judge Staci M. Yandle

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

1.      Scope.  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

this Order concerning Confidential Information as defined below. This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.      Confidential Information. As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by

the producing party that falls within one or more of the following categories: (a) information

prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research,

technical, commercial or financial information that the party has maintained as confidential;  (d)

medical information concerning any individual; (e) personal identity information; (f) income tax

returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or

employment records. With respect to income tax returns and attached schedules and forms, only

the returns, forms, or schedules are considered Confidential Information. The information appearing on those returns, forms, or schedules are not necessarily Confidential Information simply because that information also appeared on the return, form, or schedule, and such information is only Confidential Information if meets the definition of Confidential Information for another reason. Information or documents that are available to the public may not be designated as Confidential Information.

       3.       Designation.

           a.      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.      The designation of a document as Confidential Information is a certification by an attorney or a party the the designating party believes in good faith that the document contains Confidential Information as defined in this order.

4.      Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      Protection of Confidential Information.

a.      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Notwithstanding the foregoing, the parties agree that Confidential Information may also be used in the litigation pending in Oklahoma County, Oklahoma, captioned *Christopher Avellone v. Kelly Rae Bristol*, Case No. CJ-2021-4340, including any appeal thereof, according to the terms of this Order so long as a similar confidentiality order is entered in that case.

b.      Limited  Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or

entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)    Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    The Court and its personnel;

(4)    Court Reporters  and Recorders.  Court reporters and recorders engaged for depositions;

(5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)    Witnesses  at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    Author  or recipient. The author or recipient of  the document (not including a person who received the document in the course of litigation); and

(9)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

       c.       Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

      6.       Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

      7.       Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with all applicable rules.

      8.       No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges  by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

a.      Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.      Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     Action  by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or

hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information Subpoenaed or Ordered Produced  in Other Litigation.

a.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

7

The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

        a.      Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        b.      Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

        c.      Retention  of Work Product  and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be

protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

        d.      Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

      15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      17.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      **SO ORDERED.**

                                    _____

                                    U.S. District Judge

/s/ Anand C. Mathew
One of the attorneys for
Plaintiff Chris Avellone

Anand C. Mathew
Timothy G. Parilla
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654
312.319.1791
acm@thepmlawfirm.com
tgp@thepmlawfirm.com

/s/ Daniel L. Allender
One of the attorneys for
Defendant Karissa Barrows

Daniel L. Allender
Robins Kaplan LLP
2049 Century Park East, Std. 3400
Los Angeles, California 90067
dallender@robinskaplan.com

Lisa S. Hoppenjans
Washington University School of Law
One Brookings Drive
St. Louis, Missouri 63130
lhoppenjans@wustl.edu

<u>**ATTACHMENT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER AVELLONE,** | Case No. 3:22-cv-2247-SMY |
| **Plaintiff,** | CJRA Track: B |
| **vs.** | Trial Date: December 11, 2023 |
| **KARISSA BARROWS,** | Judge Staci M. Yandle |
| **Defendant.** | |

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Address: _____

Date: _____        _____
                                                                    Signature